**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 7, 2017

LETTER TO COUNSEL

RE:   *Brenda Beckman v. Commissioner, Social Security Administration*;
      Civil No. SAG-16-2022

Dear Counsel:

On June 10, 2016, Plaintiff Brenda Beckman petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405. This letter explains my rationale.

Ms. Beckman protectively filed a claim for Supplemental Security Income ("SSI") in August, 2006, alleging a disability onset date of January 1, 2006.[1] (Tr. 96-98). Her claim was denied initially and on reconsideration. (Tr. 62-65, 67-68). A hearing was held on November 20, 2008, before an Administrative Law Judge ("ALJ"). (Tr. 20-57). Following the hearing, on January 27, 2009, the ALJ determined that Ms. Beckman was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 7-19). The Appeals Council ("AC") denied Ms. Beckman's request for further review. (Tr. 1-5). However, on appeal, this Court remanded the case for further consideration. (Tr. 433). A second hearing was held on June 25, 2014. (Tr. 391-414). Following that hearing, on October 9, 2014, the ALJ again determined that Ms. Beckman was not disabled during the relevant time frame. (Tr. 369-90). This time, the AC denied Ms. Beckman's request for review, (Tr. 356-61), so the ALJ's 2014 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Beckman suffered from the severe impairments of "scoliosis, degenerative disc disease, mood disorder, anxiety disorder, and somatoform disorder." (Tr. 375). Despite these impairments, the ALJ determined that Ms. Beckman retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b), which generally involves lifting/carrying 20 pounds occasionally and 10 pounds frequently,

---

[1] Ms. Beckman later amended her alleged onset date to March 13, 2014. [Tr. 525].

*Brenda Beckman v. Commissioner, Social Security Administration*;
Civil No. SAG-16-2022
April 7, 2017
Page 2

> standing/walking about 6 hours, and sitting about 6 hours in an 8-hour workday. She cannot climb ladders, ropes, or scaffolds, but can perform other postural activities, such as balancing and stooping, on an occasional basis. The claimant is able to perform multi-step tasks; sustain concentration toward such tasks for 2-hour segments (or within customary work tolerances, with breaks); interact as needed with coworkers, supervisors, and the public; respond appropriately to change in a routine work setting.

(Tr. 378). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Beckman could perform her past relevant work and that, therefore, she was not disabled. (Tr. 385).

Ms. Beckman's sole argument on appeal is that the ALJ's holding runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015).[2] Pl. Mot. 3-7. I disagree. In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Mascio*, 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq*., pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. at § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. at § 404.1620a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See*, *e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as

---

[2] Ms. Beckman also argues that the ALJ failed to provide the VE with a sufficient hypothetical. Specifically, Ms. Beckman contends that the ALJ's "fail[ure] to include any limitation on concentration, persistence, or pace in…the hypothetical questions asked of the vocational expert" rendered the VE's opinion deficient. Pl. Mot. 7. However, as noted below, the ALJ provided adequate limitations addressing Ms. Beckman's issues in concentration, persistence, or pace in the RFC assessment, and included those limitations in the hypothetical to the VE. (Tr. 409-10). Therefore, remand is unwarranted on this basis.

*Brenda Beckman v. Commissioner, Social Security Administration*;
Civil No. SAG-16-2022
April 7, 2017
Page 3

long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. at § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. at § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Even so, the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC. *Id*.

In the instant case, the ALJ found Ms. Beckman to have "no more than moderate" difficulties maintaining concentration, persistence, or pace. (Tr. 377-78). In making this finding, the ALJ stated that Ms. Beckman "alleged in her Function Report that she needed reminders to take medication and attend to personal care, and that she had difficulty with attention, finishing what she started, and following instructions." *Id.* Additionally, unlike in *Mascio*, the ALJ imposed a limitation in the RFC assessment specifically designed to address Ms. Beckman's moderate difficulties with concentration, persistence, or pace. Specifically, the ALJ noted that "[Ms. Beckman] is able to perform multi-step tasks," and can "sustain concentration toward such tasks for 2-hour segments (or within customary work tolerances, with breaks)[.]"[3] (Tr. 378). These restrictions adequately address Ms. Beckman's "no more than moderate" difficulties in concentration, persistence, or pace, and her ability to sustain work throughout an eight-hour workday. *See Baskerville v. Colvin*, No. 3:14CV423, 2015 WL 5786488, at *13-*14, n.6 (E.D. Va. Sept. 30, 2015) (RFC limitation providing that claimant "could sustain concentration towards such tasks for two-hour segments (or within customary work tolerances with breaks)" was not error under *Mascio*). This case differs from other cases in which the ALJ provided for

---

[3] SSR 96-9p provides that a normal workday includes a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals, and that the occupational base is not eroded where limitations may be accommodated by these regularly scheduled breaks.

*Brenda Beckman v. Commissioner, Social Security Administration*;
Civil No. SAG-16-2022
April 7, 2017
Page 4

two-hour intervals without specific discussion of a claimant's ability to sustain concentration. Accordingly, under the analysis here, remand under *Mascio* is unwarranted.

    For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED. The Clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                                   Sincerely yours,

                                                   /s/

                                                Stephanie A. Gallagher
                                               United States Magistrate Judge